UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DONNA COLON dbn FRANTZ NOEL/Beneficiary-
Decedent,

                              Plaintiff,

            v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
19-CV-4319 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Donna Colon, proceeding *pro se* on behalf of the estate of Frantz Noel,[1]

commenced the above-captioned action on July 26, 2019, seeking review of an award of

widower's benefits under Title II of the Social Security Act (the "Act"), pursuant to 42 U.S.C.

§ 405(g). (Compl., Docket Entry No. 1.) Plaintiff subsequently filed a letter seeking mandamus

relief pursuant to 28 U.S.C. § 1361. (Letter dated May 15, 2020 ("Pl.'s Mandamus Mot."),

Docket Entry No. 21.) The Commissioner of Social Security (the "Commissioner") moves to

dismiss the Complaint and Plaintiff's request for mandamus relief pursuant to Rule 12(b)(1) of

the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to

Rule 56, and Plaintiff opposes the motion.[2]

For the reasons set forth below, the Court grants the Commissioner's motion.

---

[1] Plaintiff indicates that she is proceeding "in her capacity as Executor/Fiduciary of the Estate of Frantz Noel." (Pl.'s Opp'n to Comm'r Mot. 1 ("Pl.'s Opp'n"), Docket Entry No. 25.)

[2] (Comm'r's Mot. to Dismiss ("Comm'r's Mot."), Docket Entry No. 12; Comm'r's Mem. of Law in Supp. of Comm'r's Mot. ("Comm'r's Mem."), Docket Entry No. 13; Pl.'s Opp'n; *see also* Comm'r's Reply in Further Supp. of Comm'r's Mot. ("Comm'r's Reply"), Docket Entry No. 32.)

## I.    Background

On July 21, 2016, Noel filed a claim with the Social Security Administration (the "SSA") for widower's insurance benefits.[3]  (*See* Podraza Decl. ¶ 3(d); Appl. for Widower's Insurance Benefits, annexed to Podraza Decl. as Ex. 4, Docket Entry No. 13-3, at 15–21.)[4]  On June 13, 2017, he received a Notice of Award from the SSA indicating that he was entitled to widower's benefits retroactive to January of 2016.  (*See* Podraza Decl. ¶ 3(g); Notice of Award, annexed to Podraza Decl. as Ex. 8, Docket Entry No. 13-3, at 36–38.)  On July 6, 2017, Noel filed a Request for Reconsideration, challenging the SSA's determination that his benefits were retroactive only to January of 2016 ("July 2017 Request for Reconsideration").  (*See* July 2017 Request for Recons., annexed to Compl. as Ex. C-2, Docket Entry No. 1, at 29.)  About five months later, on December 16, 2017, Noel died.  (*See* Compl. ¶ 13; Certificate of Appointment of Executor, annexed to Compl. as Ex. B-2, Docket Entry No. 1, at 16–17.)

---

[3]  The Court assumes the truth of the facts as set forth in the Complaint and also relies on the facts set forth in the Declaration of Janay Podraza ("Podraza Decl."), annexed to Comm'r's Mem. as Ex. 3, Docket Entry No. 13-3; the Declaration of Bernard Bowles ("Bowles Decl."), annexed to Comm'r's Mem. as Ex. 4, Docket Entry No. 13-4; and the exhibits attached to the parties' papers.  *See M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013) ("[U]nder Rule 12(b)(1), we are permitted to rely on non-conclusory, non-hearsay statements outside the pleadings . . . ."); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (noting that "if subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings . . . that convey information essential to the court's jurisdictional analysis"); *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))), *aff'd*, 561 U.S. 247 (2010).

[4]  Because the exhibits to the Complaint, the Podraza Declaration, and the Bowles Declaration are not consecutively paginated, the Court refers to the page numbers assigned by the electronic filing system.

The SSA reviewed Noel's July 2017 Request for Reconsideration on February 22, 2018, but contends that it did not take action on the request at that time because there was no evidence of a substitute party.[5]  On April 23, 2018, Noel's estate submitted documentation to the SSA indicating that the estate had appointed Plaintiff as its administrator on September 28, 2017, and that the Queen's County Surrogate Court had authorized Plaintiff to serve as the Voluntary Administrator for Noel's estate on December 20, 2017.[6]  (Letter dated Apr. 23, 2018, annexed to Bowles Decl. as Ex. E, Docket Entry No. 13-4, at 16–21; *see also* Compl. ¶ 19.)

On April 15, 2019, about one year after the April 23, 2018 letter, Plaintiff visited an SSA office "to inquire about the status of the [April 23, 2018] letter and obtain any possible decision" regarding the July 2017 Request for Reconsideration.  (*See* Compl. ¶ 20.)  Following Plaintiff's visit, the SSA issued a non-appealable letter on May 1, 2019, advising Plaintiff why the SSA determined to award widower's insurance benefits retroactive only to January of 2016.  (Podraza Decl. ¶ 3(i); Letter dated May 1, 2019, annexed to Podraza Decl. as Ex. 10, Docket Entry No.

---

[5]  (*See* Bowles Decl. ¶ 7; Agency Log dated March of 2018, annexed to Bowles Decl. as Ex. D, Docket Entry No. 13-4, at 14 (noting "no action taken" on the July 2017 Request for Reconsideration because Noel "died 12/16/17 & no evidence of subst[itute] party").)

[6]  In support of Plaintiff's opposition, Robert J. Maher, attorney for Noel's estate, affirms that he drafted the April 23, 2018 letter advising the SSA that his office represents Noel's estate and that the letter included "attachments supporting [the July 2017 Request for Reconsideration]" and "asked for a review."  (Affirmation of Robert J. Maher in Supp. of Pl.'s Opp'n to Comm'r's Mot. 1, Docket Entry No. 28.)  However, the only request for reconsideration attached to the April 23, 2018 letter appears to have been a January 14, 2016 request for reconsideration disputing an earlier award of retirement insurance benefits — not the July 2017 Request for Reconsideration of Noel's widower's benefits.  (Bowles Decl. ¶ 8; Letter dated Apr. 23, 2018, at 17.)  In addition, the letter did not ask for review of the July 2017 Request for Reconsideration; rather, it stated: "My office represents the Estate of Frantz Noel, who recently passed away.  I have enclosed all the documents for your prompt review."  (Letter dated Apr. 23, 2018, at 16.)

13-3, at 42–43.)  On July 26, 2019, shortly after receiving this letter, Plaintiff commenced this action.  (Compl.)

On December 7, 2019, following Plaintiff's filing of the Complaint, the SSA issued Plaintiff a Notice of Reconsideration regarding Noel's July 2017 Request for Reconsideration indicating that, after additional review, the SSA had concluded that its determination of Noel's widower's benefits was correct ("December 2019 Notice of Reconsideration").  (Bowles Decl. ¶ 9; Dec. 2019 Notice of Recons., annexed to Bowles Decl. as Ex. F, Docket Entry No. 13-4, at 22–29.)  The December 2019 Notice of Reconsideration advised Plaintiff that if she disagreed with the decision, she could file an appeal within sixty days by requesting a hearing with an administrative law judge ("ALJ").  (Dec. 2019 Notice of Recons. 24.)  Plaintiff requested a hearing on or about February 13, 2020 ("February 2020 Request for Review").  (Letter dated June 26, 2020, Docket Entry No. 23; Feb. 2020 Request for Review, annexed to Letter dated June 26, 2020, as Ex. 2, Docket Entry No. 23, at 5–6; Pl.'s Opp'n 5.)  Almost one year later, the SSA processed the request and, on January 22, 2021, notified Plaintiff that it had scheduled a hearing for April 5, 2021, before ALJ Gloria Pellegrino.[7]  (Decl. of Emilio Justiniano ¶ 5,

---

[7]  It appears that the Commissioner was unaware of Plaintiff's request for a hearing until Plaintiff filed a letter with the Court on June 29, 2020, to which she attached the February 2020 Request for Review.  (Letter dated June 26, 2020; Feb. 2020 Request for Review.)  On August 7, 2020, the Commissioner filed a reply to Plaintiff's letter, noting that Plaintiff's original request "likely did not appear in the agency's electronic systems as it may be located with unopened mail, and due to the pandemic and limited number of people going into the office to work on emergency issues, [the SSA was] unable to locate the original request."  (Letter dated Aug. 7, 2020, Docket Entry No. 24.)

annexed to Comm'r's Reply as Ex. 1, Docket Entry No. 32-1.)  The status of the hearing is

unknown, as there have been no filings on the docket since March of 2021.[8]

## II.   Discussion

### a.   Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to

Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or

constitutional power to adjudicate it."  *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir.

2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St.*

*Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting

*Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting

*Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)).  "'[C]ourt[s]

must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of

[the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by

drawing from the pleadings inferences favorable to the party asserting it.'"  *Morrison v. Nat'l*

*Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first quoting *Nat. Res. Def.*

*Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343

F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010).  Ultimately, "the party asserting

subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it

exists.'"  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)

(quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*,

---

[8]  On March 11, 2021, the Court granted Plaintiff an extension until April 12, 2021 —
one week after the scheduled hearing — to file a sur-reply to the Commissioner's motion to
dismiss.  (Order dated Mar. 11, 2021; *see* Comm'r's Resp. to Mot., Docket Entry No. 35.)
However, Plaintiff did not file a sur-reply.

720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

> **b.    The Court lacks subject matter jurisdiction over Plaintiff's claim**

The Court lacks subject matter jurisdiction over Plaintiff's claim because Plaintiff has not alleged that she has standing to appear *pro se* on behalf of Noel's estate.  In addition, even if Plaintiff had sufficiently alleged standing, as the Commissioner argues, Plaintiff has failed to exhaust her administrative remedies.

> **i.    Plaintiff lacks standing**

"[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."  *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Therefore, "an administr[ator] or execut[or] of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant."  *Guest v. Hansen*, 603 F.3d 15, 19 (2d Cir. 2010) (alterations in original) (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997)); *Weinstein v. Cadman Towers, Inc.*, 307 F. App'x 529, 530 (2d Cir. 2009) (same).  This is because "[w]here there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings."  *Guest*, 603 F.3d at 20 (quoting *Iannaccone*, 142 F.3d at 559).  However, "the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate."  *Id.* at 21.  In this event, "[b]ecause the administrator is the only party affected by the disposition of the suit, [s]he is, in fact, appearing solely on h[er] own behalf."  *Id.*  "These standing requirements apply with equal force to applications for Social Security benefits."  *Webb v. Comm'r of Soc. Sec.*, No. 08-CV-82, 2009 U.S. Dist. LEXIS

133697, at *8 (N.D.N.Y. Oct. 9, 2009), *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 102803 (N.D.N.Y. Nov. 4, 2009).  "[T]he court has a responsibility to ensure appropriate representation for the parties appearing before it, even if those parties do not raise the issue." *Seemann v. Seemann*, No. 18-CV-502, 2018 WL 2078815, at *3 (N.D.N.Y. May 2, 2018) (citing *Guest*, 603 F.3d at 20), *report and recommendation adopted*, 2018 WL 2435165 (N.D.N.Y. May 30, 2018); *see also Guest*, 603 F.3d at 20 ("[W]e consider whether all parties before the court are properly represented even in cases where the parties themselves do not raise the issue.").

Although Plaintiff is the administrator of Noel's estate, she has not alleged that she is the sole beneficiary of the estate or that the estate has no creditors.  Therefore, Plaintiff lacks standing to proceed *pro se* on behalf of Noel's estate.  *See, e.g.*, *Sterling v. Hum. Res. Admin. (Soc. Servs.)*, No. 21-CV-10192, 2022 WL 329266, at *3 (S.D.N.Y. Feb. 2, 2022) ("[The] [p]laintiff does not allege that she is an attorney, and does not indicate whether she has been appointed administrator or personal representative of Bob's estate, or whether there are any other beneficiaries or creditors of the estate.  It therefore appears that [the] [p]laintiff lacks standing to assert claims on behalf of Bob's estate."); *Seemann*, 2018 WL 2078815, at *3 ("[The] plaintiff may not represent the [e]state of his late father, unless plaintiff can show that he is the only heir, and that there are no creditors or any other individuals or entities with an interest in the [e]state." (footnote omitted)); *Davis v. Yale New Haven Hosp.*, No. 16-CV-1578, 2017 WL 6459499, at *4 (D. Conn. Dec. 11, 2017) (dismissing amended complaint in part because the plaintiff "has not established that she is the sole beneficiary of her father's estate and that her father's estate has no creditors, [and therefore] she may not represent his estate *pro se*"); *Weenan v. D.S.S. of N.Y.*, No. 17-CV-419, 2017 WL 2709770, at *3 (E.D.N.Y. Apr. 12, 2017) (dismissing complaint for lack of subject matter jurisdiction, granting leave to amend, and noting that the plaintiff "must allege

that he is 'the administrator and sole beneficiary of an estate with no creditors'" (quoting *Naughton v. Naughton*, No. 11-CV-2865, 2011 WL 3701972, at *2 (E.D.N.Y. Aug. 23, 2011))); *Schaut v. Dep't of Health & Hum. Servs.*, No. 14-CV-910, 2015 WL 4391277, at *1, *4 (N.D.N.Y. July 14, 2015) (granting motion to dismiss for lack of standing where the case was stayed "to allow [the] [p]laintiff to either retain counsel, or to amend the [c]omplaint alleging that 'she is the administrator or executor of her mother's estate, that she is proceeding only on her own as the sole beneficiary, and that her mother's estate has no creditors'" but the amended complaint failed to establish that the plaintiff was proceeding only on her own as the sole beneficiary); *Webb*, 2009 U.S. Dist. LEXIS 133697, at *8 ("Because the plaintiff does not allege that he is an authorized or otherwise proper estate representative and that there are no other beneficiaries or creditors of Patrick's estate, [the] plaintiff may not properly represent him in a federal court action.").

### ii.   Plaintiff has failed to exhaust her administrative remedies

Even if Plaintiff had sufficiently alleged that she has standing to proceed *pro se* on behalf of Noel's estate, the Court also lacks subject matter jurisdiction because she has failed to exhaust her administrative remedies, which also requires the Court to deny Plaintiff's request for mandamus relief.

The Commissioner argues that (1) the Court should dismiss the Complaint for lack of subject matter jurisdiction because Plaintiff has not exhausted her administrative remedies and therefore has not obtained a judicially reviewable final decision, and her failure to exhaust her administrative remedies is not waivable, and (2) the Court should also dismiss Plaintiff's request for mandamus relief because Plaintiff's failure to exhaust administrative remedies means that she still has an adequate remedy to pursue this claim.  (Comm'r's Mem. 7–9; Comm'r's Reply 1–3.)

The Court liberally construes Plaintiff's opposition as arguing that the Court should (1) waive the exhaustion requirement because the SSA failed to respond to Noel's July 2017 Request for Reconsideration until December of 2019 and failed to respond to her February 2020 Request for Review until January of 2021, (*see* Pl.'s Opp'n 5–7), and (2) in the alternative, the Court should exercise subject matter jurisdiction pursuant to the mandamus statute, 28 U.S.C. § 1361, and order the Commissioner to set a hearing and "repay [Plaintiff's] attorney fees and associated expenses," (*id.* at 8).

### 1. Plaintiff has failed to exhaust her administrative remedies and this failure is not waivable

Sections 405(g) and (h) of the Social Security Act waive sovereign immunity in social security cases, providing for judicial review only "after any final decision of the Commissioner of Social Security made after a hearing to which [the individual] was a party."  42 U.S.C. §§ 405(g)–(h).  The SSA regulations require claimants to complete a four-step administrative review process in order to obtain a judicially reviewable final decision.  *See Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996) ("A request for Appeals Council review of an ALJ's decision is the fourth and final stage in the administrative process of adjudicating claims for benefits under the Social Security Act.").  That process consists of an initial determination, reconsideration, an ALJ decision and Appeals Council review.  20 C.F.R. § 404.900(a); *see also Perez*, 77 F.3d at 44 & n.3 ("The first three steps are the initial determination, reconsideration, and a hearing before an ALJ." (citing 20 C.F.R. §§ 404.900, 416.1400)).  A decision by the Commissioner is not considered "final" until the claimant has exhausted each of these steps.  *See Mathews v. Eldridge*, 424 U.S. 319, 327 (1976); *see also Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (noting that the "the ALJ's decision became the final decision of the Commissioner" when "[t]he Office of Disability Adjudication and Review denied [the plaintiff's] request for review");

*Ortega v. Colvin*, No. 13-CV-3487, 2015 WL 6143591, at *2–3 (E.D.N.Y. Oct. 19, 2015)

(holding that a district court has subject matter jurisdiction over a benefits claim pursuant to 42

U.S.C. § 405(g) "once the claimant has obtained a final decision from the Commissioner").

Under certain circumstances, the exhaustion requirement may be waived either by the

Commissioner or by the Court.  *Steadman v. Colvin*, No. 14-CV-7495, 2015 WL 4393022, at *5

(S.D.N.Y. July 14, 2015).  The exhaustion requirement may be waived when: "(1) the claim is

collateral to a demand for benefits; (2) the exhaustion of remedies would have been futile; and

(3) a plaintiff would suffer irreparable harm if required to exhaust administrative remedies."  *Id.*

"[N]o one element is critical to the resolution of the [exhaustion] issue; rather, a more general

approach, balancing the competing considerations to arrive at a just result, is in order."  *Id.*

(second alteration in original) (quoting *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996)).  The

exhaustion requirement may also be waived when a plaintiff raises a colorable constitutional

claim.  *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) (recognizing "well-established

principle that when constitutional questions are in issue, the availability of judicial review is

presumed" because "[c]onstitutional questions obviously are unsuited to resolution in

administrative hearing procedures and, therefore, access to the courts is essential to the decision

of such questions"); *see also, e.g.*, *Shmueli v. Comm'r of Soc. Sec.*, No. 17-CV-3734, 2018 WL

4403279, at *5 (S.D.N.Y. July 19, 2018) ("Courts have also recognized an exception to the

exhaustion requirement for constitutional claims." (citing *Califano*, 430 U.S. at 109)), *report and

recommendation adopted*, 2018 WL 4387556 (S.D.N.Y. Sept. 14, 2018).

The Court lacks subject matter jurisdiction over Plaintiff's claim because Plaintiff has not

obtained a judicially reviewable final decision and her failure to exhaust the available

administrative remedies is not waivable.  The parties do not dispute that Plaintiff commenced

this action before exhausting her administrative remedies, as she commenced this action on July 26, 2019, before receiving the December 2019 Notice of Reconsideration and requesting a hearing on February 13, 2020.  Nor do the parties dispute that, in order to receive a judicially reviewable final decision following the hearing, Plaintiff must receive either a decision by the Appeals Council or notice from the Appeals Council denying her request for review.  *See* 20 C.F.R. §§ 404.981, 422.210; *see also, e.g.*, *Iwachiw v. Massanari*, 125 F. App'x 330, 331 (2d Cir. 2005) ("The Commissioner's decision does not become 'final' until 'after the Appeals Council has denied review or decided the case after review.'" (first quoting *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995), *aff'd*, 101 F.3d 681 (2d Cir. 1996) (unpublished table decision); and then citing 20 C.F.R. §§ 404.981, 416.1481)).  Although a hearing was scheduled for April 5, 2021, there have been no filings in this case since March of 2021, when the Court granted Plaintiff's request for an extension to file a sur-reply by April 12, 2021.  (Order dated Mar. 11, 2021.)  Because it appears Plaintiff is still pursuing her appeal rights at the administrative level and therefore has not obtained a judicially reviewable final decision under 42 U.S.C. § 405(g), this Court lacks subject matter jurisdiction over her claim.  *See, e.g.*, *Del Rio v. Comm'r of Soc. Sec.*, No. 20-CV-7792, 2021 WL 4393084, at *2 (S.D.N.Y. Sept. 3, 2021) ("[The] [p]laintiff commenced this action without having presented his claim to an ALJ.  Under the law, [the] [p]laintiff must first present his case at a hearing before the ALJ, and, if the ALJ issues a decision denying benefits, [the] [p]laintiff then must file an appeal with the Appeals Council and receive its decision before any court action may be commenced."), *report and recommendation adopted*, 2021 WL 4392437 (S.D.N.Y. Sept. 24, 2021).

In addition, Plaintiff does not plead any facts that would support the Court's waiver of the administrative process.  First, Plaintiff's claim is not collateral to her demand for benefits

because it involves a direct request for benefits. *See Escalera v. Comm'r of Soc. Sec.*, 457 F.

App'x 4, 6 (2d Cir. 2011) ("[The *pro se* plaintiff's] claim is not collateral to his demand for

benefits, as it involves a demand for benefits and investigation into his wage earnings.");

*Pavano*, 95 F.3d at 150 ("[T]he issue [the] [p]laintiffs raise in their suit is not collateral to their

demand for . . . benefits. . . . The issue in suit is identical to the administrative demand. By their

suits [the] [p]laintiffs are . . . not seeking relief other than that sought in the administrative

proceeding."); *Johnson v. Saul*, No. 19-CV-3749, 2020 WL 1140778, at *5 (S.D.N.Y. Mar. 9,

2020) ("[The] [p]laintiff's causes of action are not collateral to his claim . . . [because] '[t]he

issue in suit is identical to the administrative demand.'" (quoting *Pavano*, 95 F.3d at 150)).

Second, exhaustion would not be futile because pursuing administrative remedies could

result in a redetermination of Noel's eligibility date for widower's benefits and because, even if

Noel does not prevail, the exhaustion of the administrative review processes results in a fully

developed written record that would ensure a more complete review in federal court. *See*

*Escalera*, 457 F. App'x at 6–7 ("[The *pro se* plaintiff] has not shown that exhaustion would be

futile. A final agency decision and developed written record would ensure a more complete

review in federal court."); *Del Rio*, 2021 WL 4393084, at *3 (finding exhaustion not futile

"because completing the administrative process could result in [the] [p]laintiff's favor");

*Johnson*, 2020 WL 1140778, at *5 (finding exhaustion not futile because "[p]ursuing

administrative remedies can result in a reversal of an initial adverse agency decision and, even if

the claimant does not prevail, the exhaustion of administrative review processes results in a final

agency decision and fully developed written record that would ensure a more complete review in

federal court"); *Allen ex rel. Jimenez v. Comm'r of Soc. Sec.*, No. 16-CV-1298, 2017 WL

1102665, at *3 (S.D.N.Y. Mar. 23, 2017) (finding delay in adjudicating request for

reconsideration insufficient to show futility "where, as here, the SSA continues to address the issues raised herein . . . and where additional levels of administrative review remain").

Third, although Plaintiff argues that waiver is warranted by the SSA's twenty-nine-month delay in responding to Noel's July 2017 Request for Reconsideration and eleven-month delay in responding to Plaintiff's February 2020 Request for Review, Plaintiff has not shown how these delays subjected her to irreparable harm. *See Del Rio*, 2021 WL 4393084, at *3 (finding no waiver where request for hearing went "unanswered" for eighteen months because the plaintiff "failed to proffer how this delay has subjected him to any irreparable harm" and "much of the delay can be attributed to the complexities of the . . . investigation coupled with delays in processing of social security claims that have occurred during the COVID pandemic").  Nor has Plaintiff shown that she would be subjected to irreparable harm if required to exhaust her administrative remedies, as her claim is exclusively related to whether additional retroactive benefits are due, *see, e.g.*, *Escalera*, 457 F. App'x at 7 (finding that the plaintiff "has not shown that 'the harm suffered in the interim would be irreparable in the sense that no *post hoc* relief would be adequate'" (quoting *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983))), and the delay attending exhaustion does not constitute irreparable harm absent other factors, such as deteriorating health, *see Abbey v. Sullivan*, 978 F.2d 37, 46 (2d Cir. 1992) ("[I]f the delay attending exhaustion would subject claimants to deteriorating health, . . . then waiver may be appropriate.  If these other factors are not in the equation, however, the expense and delay of completing the administrative process will not ordinarily justify waiver." (citation omitted)); *New York v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990) (finding waiver appropriate for claimants with ischemic heart disease who were facing deteriorating health and possibly death and needed immediate benefits); *Johnson*, 2020 WL 1140778, at *5 ("[The] [p]laintiff has not demonstrated

13

that the delay caused by exhaustion of administrative appeal procedures would subject him to 'irreparable harm;' for example, deteriorating health." (first citing *Abbey*, 978 F.2d at 46; then citing *Mathews*, 891 F. Supp. at 189; and then citing *Sullivan*, 906 F.2d at 918)); *Mathews*, 891 F. Supp. at 189 (finding that claimant did not proffer evidence of "physical harm or evidence of the type of harm that would rise to the level of irreparable injury to excuse the exhaustion requirement").

Finally, the delay in this case does not rise to the level of a due process violation requiring waiver of the exhaustion requirement. *See, e.g.*, *Shmueli*, 2018 WL 4403279, at *4 (finding no unreasonable delay where SSA "scheduled an administrative hearing . . . approximately twenty-five months after [the] [p]laintiff first properly requested a hearing" and noting that this delay, while "far from ideal, . . . does not seem to be atypical"); *Allen*, 2017 WL 1102665, at *2 (finding nine-month delay between request for reconsideration and filing of action insufficient to constitute a denial of due process warranting waiver of the exhaustion requirement, "[e]specially where, as here, the Commissioner has since made affirmative steps towards the resolution of [the plaintiff's] case"); *Baptiste v. Comm'r of Soc. Sec.*, No. 09-CV-10178, 2010 WL 2985197, at *2 (S.D.N.Y. July 27, 2010) (finding six-month delay between request for hearing and filing of complaint insufficient to constitute due process violation); *Fagan v. Barnhart*, No. 02-CV-8533, 2005 WL 427575, at *4 (S.D.N.Y. Feb. 23, 2005) (finding no unreasonable delay where claimant received a final determination on her claim within one year of her hearing request).

Accordingly, the Court is without jurisdiction to hear Plaintiff's claim.

**2.   Plaintiff's request for mandamus relief fails because Plaintiff has other adequate remedies available**

Under the mandamus statute, 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *H.M.G. v. Johnson*, 599 F. App'x 396, 397 (2d Cir. 2015) (alteration in original) (quoting 28 U.S.C. § 1361); *Aref v. United States*, 452 F.3d 202, 205 (2d Cir. 2006) (per curiam).   "In order for the writ to issue, a petitioner is required to 'prove[] that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available.'" *H.M.G.*, 599 F. App'x at 397 (alteration in original) (quoting *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008)); *Alharbi v. Miller*, 368 F. Supp. 3d 527, 553 (E.D.N.Y. 2019) ("To establish jurisdiction under 28 U.S.C. § 1361, [plaintiffs must show (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of defendants to do the act in question; and (3) that there is no other adequate remedy available." (alteration in original) (quoting *Khanom v. Kerry*, 37 F. Supp. 3d 567, 577 (E.D.N.Y. 2014))), *aff'd in part and dismissed in part*, 829 F. App'x 570 (2d Cir. 2020).

As the Commissioner argues, the Court's finding that Plaintiff has not exhausted her administrative remedies requires the Court to deny Plaintiff's request for mandamus relief, which requires the exhaustion of all other adequate remedies.  *See Escalera*, 457 F. App'x at 7 (denying mandamus relief to *pro se* plaintiff who, having failed to exhaust administrative remedies, "did not prove that 'no other adequate remedy' (i.e., completing the administrative process) was available" (quoting *Benzman*, 523 F.3d at 132–33)); *Abbey*, 978 F.2d at 47 ("Our holding that the plaintiffs must exhaust their administrative remedies also disposes of [their] alternative argument for mandamus relief because one of the requisites for obtaining a writ of mandamus is that the

plaintiff have exhausted all other adequate remedies." (first citing *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1984), *aff'd sub nom. Bowen v. City of New York*, 476 U.S. 467 (1986); and then citing *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 946 (2d Cir. 1976))); *see also, e.g.*, *Werekoh v. Comm'r of Soc. Sec.*, No. 12-CV-6954, 2013 WL 4407063, at *5 (S.D.N.Y. Aug. 19, 2013) ("Because [the *pro se* plaintiff] has not exhausted his administrative remedies, mandamus jurisdiction is not available here."); *Shah v. Wilco Sys., Inc.*, 126 F. Supp. 2d 641, 655 & n.15 (S.D.N.Y. 2000) (finding mandamus jurisdiction precluded and noting that "[t]he [c]ourts of this Circuit have . . . found, in the social security context, that a finding that a plaintiff has not exhausted his administrative remedies is incompatible with mandamus jurisdiction, because the administrative remedies remain available to redress the plaintiff's injuries").

Accordingly, the Court dismisses Plaintiff's request for mandamus relief without prejudice.

### iii.   Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the Complaint within thirty days of this Memorandum and Order to allege that she is the administrator or executor of Noel's estate, that she is proceeding only on her own as the sole beneficiary, that Noel's estate has no creditors, and that she has exhausted her administrative remedies.  Plaintiff is advised that the Amended Complaint will completely replace the original Complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Order.  Plaintiff may contact the Federal Pro Se Legal Assistance Project of the City Bar Justice Center at 212-382-4729 for limited-scope legal assistance.

### III. Conclusion

For the foregoing reasons, the Court grants the Commissioner's motion and dismisses the Complaint and Plaintiff's request for mandamus relief without prejudice for lack of subject matter jurisdiction.  In addition, the Court grants Plaintiff leave to amend the Complaint within thirty days of this Memorandum and Order.

Dated: April 18, 2022
      Brooklyn, New York

SO ORDERED:

s/ MKB

_____

MARGO K. BRODIE
United States District Judge