UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
DONNA COLON,

                      Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
19-CV-04319 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Donna Colon, proceeding pro se on behalf of the estate of Frantz Noel, commenced the above-captioned action on July 26, 2019, against Defendant Commissioner of Social Security (the "Commissioner"), seeking review of an award of widower's benefits under Title II of the Social Security Act (the "Act"), pursuant to 42 U.S.C. § 405(g). (Compl., Docket Entry No. 1.) The Commissioner moved to dismiss the Complaint, and Plaintiff opposed the motion. By Memorandum & Order dated April 18, 2022, the Court dismissed the Complaint for lack of jurisdiction and granted Plaintiff leave to file an amended complaint ("April 2022 Decision"). (*See* Apr. 2022 Decision, Docket Entry No. 36.) Plaintiff filed an Amended Complaint on July 18, 2022, (Am. Compl., Docket Entry No. 38), and a motion to compel on June 7, 2023, (Pl.'s Mot. to Compel, Docket Entry No. 43), which the Commissioner opposes, (Comm'r's Opp'n to Pl.'s Mot. to Compel, Docket Entry No. 45). The Commissioner moves to

dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing, and Plaintiff opposes the motion.[1]

For the reasons set forth below, the Court dismisses the Amended Complaint without prejudice for lack of subject matter jurisdiction.

## I. Background

Plaintiff is the Executor of the Estate of Frantz Noel.[2]  (Am. Compl. ¶ 3.)  On May 12, 2012, Noel filed an application for Retirement Insurance Benefits, stating on his application that he was not currently married and had previously been married to Denise Prudhomme from December 4, 1986 until March 6, 1992.[3]  (ALJ Decision 5, annexed to Decl. of Lesha Cowell as Ex. A, Docket Entry No. 41-1.)  On July 6, 2016, the divorce judgment between Noel and Prudhomme was vacated by order of the New York State Supreme Court "due to procedural improprieties in obtaining the judgment," restoring the marriage between Noel and Prudhomme as of March 5, 1992.  (*Id.*)

On July 21, 2016, Noel applied for Widower's Insurance Benefits ("WIB") on the account of wage earner Prudhomme, (*id.* at 4), who died on October 31, 2008, (Report of Contact, annexed to Am. Compl., Docket Entry No. 38).  Noel's application was approved with January of 2016 as the established month of WIB eligibility, which Noel disputed.  (ALJ

---

[1] (Comm'r's Mot. to Dismiss ("Comm'r's Mot."), Docket Entry No. 40; Comm'r's Mem. in Supp. of Comm'r's Mot. ("Comm'r's Mem."), Docket Entry No. 41; Pl.'s Mem. in Opp'n to Comm'r's Mot. ("Pl.'s Mem."), Docket Entry No. 39.)

[2] The Court assumes familiarity with the facts as detailed in the April 2022 Decision, and therefore only provides a summary of the pertinent facts.

[3] Prudhomme previously filed an application for Retirement Insurance Benefits on May 30, 2008, in which she stated that she was married to Noel from December 1, 1986 until January 1, 1988. (ALJ Decision 5, annexed to Decl. of Lesha Cowell as Ex. A, Docket Entry No. 41-1.)

2

Decision 4.) On December 16, 2017, Noel died. (*Id.*) Plaintiff was subsequently appointed as a substitution of party in the WIB application. (*Id.*) Plaintiff claimed that Noel was entitled to the award of WIB retroactively to 2008 because Prudhomme claimed that Noel was her husband when applying for retirement benefits in 2008. (*Id.*) On October 1, 2021, Plaintiff presented her WIB claim on behalf of Noel during a hearing before Administrative Law Judge Gloria Pellegrino (the "ALJ"). (*Id.*) In a decision dated December 13, 2021, the ALJ determined that Noel "was entitled to [WIB] as of the month of January 2016, but not prior thereto." (*Id.* at 7.) The ALJ found that there was "no basis in law or fact to change" the prior determination of Noel's WIB eligibility because Noel was required to submit an application to be eligible for WIB and did not do so until July 21, 2016. (*Id.* at 6.)

On January 28, 2022, Plaintiff requested review of the ALJ's December 13, 2021 decision.[4] (Decl. of Lesha Cowell ¶ 5, annexed to Def.'s Mem. as Ex. 1, Docket Entry No. 41-1.) On March 31, 2023, the Social Security Administration Office of Appellate Operations granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case for determination of whether Noel's 2012 Retirement Insurance Benefits application should be reopened "to correct [Noel's] marital history and/or establish a deemed 2012 WIB application on the basis of that correction." (Pl.'s Aff. in Supp. of Pl.'s Mot. to Continue ("Pl.'s Aff.") ¶¶ 4–5, Docket Entry No. 43-1.; Order of Appeals Council 2, annexed to Pl.'s Aff. as Ex. A, Docket Entry No. 43-1.) The Appeals Council determined that the ALJ's decision failed to "fully address" whether Noel's 2012 Retirement Insurance Benefits application "may be reopened and

---

[4] The Request for Review of Hearing Decision/Order attached to the Declaration of Lesha Cowell contains signature dates of January 25, 2022 and January 28, 2022 from Plaintiff and Hersh Jakubowitz, Plaintiff's counsel in the administrative proceedings, respectively. (Req. for Review of Hr'g Decision/Order, annexed to Decl. of Lesha Cowell as Ex. B., Docket Entry No. 41-1.)

3

revised in a way that allows earlier entitlement to [WIB] . . . through a deemed application." (Order of Appeals Council 1.) "On May 19, 2023, the Queens Hearing Office completed its intake process, assigned an Administrative Law Judge, and placed the case in the hearing queue for scheduling." (Decl. of Emilio Justiniano ¶ 8, annexed to Comm'r's Opp'n to Pl.'s Mot. to Continue, Docket Entry No. 45-1.) Noel's WIB claim "continues to be adjudicated by the agency at the administrative level." (*Id.* ¶ 9.)

## II. Discussion

### a. Standard of review

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003), *aff'd*, 561 U.S. 247 (2010)). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239,

4

243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

      **b.   Plaintiff has failed to exhaust her administrative remedies**

The Commissioner argues that the Amended Complaint should be dismissed because Plaintiff has "failed to demonstrate her standing in this action and that she exhausted her administrative remedies with respect to Mr. Noel's claim for Widower's Insurance Benefits." (Comm'r's Mem. 1.) In support, the Commissioner notes that individual executors and administrators of estates are barred from proceeding pro se on behalf of estates with beneficiaries or creditors other than the pro se litigant. (*Id.* at 5 (citing *Guest v. Hansen*, 603 F.3d 15, 19–20 (2d Cir. 2010).) The Commissioner also notes that "this Court specifically found that Plaintiff failed to demonstrate that she was the sole beneficiary of Mr. Noel's estate and that no creditors existed," (*id.* (citing Apr. 2022 Decision at 6–7)), and Plaintiff has "confirm[ed] that she is not the sole beneficiary of the estate and that there are outstanding creditors," (*id.* at 6). In addition, the Commissioner argues that the Amended Complained should be dismissed because only final decisions of Title II Social Security Act claims are subject to judicial review and "Plaintiff (on behalf of Mr. Noel) has still not yet obtained a final decision." (*Id.* at 8.) The Commissioner also argues that "mandamus relief is inappropriate" because "Plaintiff is currently engaged in the administrative process" and is not entitled to waiver of the administrative process. (*Id.* at 10–11.)

Plaintiff argues she "is entitled to recover unpaid arrears spousal benefits awarded by the Office of General Counsel's [] *Opinion* . . . ." (Am. Compl. ¶ 3.) Plaintiff contends that administrative exhaustion is inapplicable to her case because the New York Regional Office of General Counsel's opinion stating that she is entitled to Surviving Spouse's benefits is binding upon the Commissioner. (Pl.'s Mem. 2.) Plaintiff states that the Social Security Administration "failed to comply with its legal counsel's directives or adequately review the file to acknowledge" the Office of General Counsel's opinion, necessitating "an Order of Mandamus . . . to enforce agency compliance [and] to avoid needless further judicial review of the matter." (*Id.* at 4.) Plaintiff asserts that "the agency never had, does not now, or will move to discover, identify, address or correct its errors absent the intervention of this court and the issuance of an Order of Mandamus directing it to perform these duties." (Am. Compl. ¶ 15.)

Sections 405(g) and (h) of the Social Security Act waive sovereign immunity in social security cases, providing for judicial review only "after any final decision of the Commissioner of Social Security made after a hearing to which [the individual] was a party." 42 U.S.C. §§ 405(g)–(h); *Nunez v. Comm'r of Soc. Sec.*, 848 F. App'x 35, 35 (2d Cir. 2021) ("Judicial review of Social Security Administration's denial of benefits is governed by 42 U.S.C. § 405, which allows federal courts to review 'any final decision of the commissioner . . . after a hearing.'" (quoting 42 U.S.C. § 405(g))). The SSA regulations require claimants to complete a four-step administrative review process in order to obtain a judicially reviewable final decision. *See Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996) ("A request for Appeals Council review of an ALJ's decision is the fourth and final stage in the administrative process of adjudicating claims for benefits under the Social Security Act."). "The administrative exhaustion process includes (1) an initial determination of benefits; (2) reconsideration; (3) a hearing before an ALJ; and (4)

6

review by the Appeals Council." *O'Donaghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 788 (2d Cir. 2020). A decision by the Commissioner is not considered "final" until the claimant has exhausted each of these steps. *See Mathews v. Eldridge*, 424 U.S. 319, 327 (1976); *see also Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (noting that the "the ALJ's decision became the final decision of the Commissioner" when "[t]he Office of Disability Adjudication and Review denied [the plaintiff's] request for review"); *Ortega v. Colvin*, No. 13-CV-3487, 2015 WL 6143591, at *2–3 (E.D.N.Y. Oct. 19, 2015) (holding that a district court has subject matter jurisdiction over a benefits claim pursuant to 42 U.S.C. § 405(g) "once the claimant has obtained a final decision from the Commissioner").

Under certain circumstances, the exhaustion requirement may be waived either by the Commissioner or by the Court. *Steadman v. Colvin*, No. 14-CV-7495, 2015 WL 4393022, at *5 (S.D.N.Y. July 14, 2015). The exhaustion requirement may be waived when: "(1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would have been futile; and (3) a plaintiff would suffer irreparable harm if required to exhaust administrative remedies." *Id.* "[N]o one element is critical to the resolution of the [exhaustion] issue; rather, a more general approach, balancing the competing considerations to arrive at a just result, is in order." *Id.* (second alteration in original) (quoting *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996)). The exhaustion requirement may also be waived when a plaintiff raises a colorable constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) (recognizing "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed" because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions"); *see also, e.g.*, *Shmueli v. Comm'r of Soc. Sec.*, No. 17-CV-3734, 2018 WL

7

4403279, at *5 (S.D.N.Y. July 19, 2018) ("Courts have also recognized an exception to the exhaustion requirement for constitutional claims." (citing *Califano*, 430 U.S. at 109)), *report and recommendation adopted*, 2018 WL 4387556 (S.D.N.Y. Sept. 14, 2018).

The Court lacks subject matter jurisdiction over Plaintiff's claim because Plaintiff's WIB application is still pending before the Social Security Administration and Plaintiff therefore has not exhausted her available administrative remedies. The Appeals Council expressly remanded Plaintiff's claim to the ALJ for further consideration of Plaintiff's WIB claim. (Order of Appeals Council 2.) Plaintiff has acknowledged the effect of the Council's order in filings before the Court. (*See, e.g.*, Pl.'s Aff. ¶ 4 ("On April 6, 2023, the Plaintiff received an Order . . . remanding the case to the prior ALJ.").) As the Court explained in the April 2022 Decision, "in order to receive a judicially reviewable final decision . . . , Plaintiff must receive either a decision by the Appeals Council or notice from the Appeals Council denying her request for review." (Apr. 2022 Decision 11.) Plaintiff's request for review was granted, the ALJ's decision was vacated, and the WIB claim was remanded, (Order of Appeals Council), leaving Plaintiff with no final decision on her WIB claim to appeal from because Noel's WIB eligibility is still under review, (Decl. of Emilio Justiniano ¶ 9). Accordingly, the Court is without jurisdiction to hear Plaintiff's claim. *See Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 64 (2d Cir. 2020) (affirming dismissal for failure to exhaust administrative remedies where "a letter from the Appeals Council indicat[ed] that her claim was still under review").

### III. Conclusion

For the reasons stated above, the Court grants Defendant's motion and dismisses the Amended Complaint without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this decision would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.

Dated: September 7, 2023
       Brooklyn, New York

SO ORDERED:


        s/ MKB
MARGO K. BRODIE
United States District Judge